## Gray v. The Tribune Printing Co.

John D. Ray, for plaintiff.

Bradshaw, McCreary & Reed, for defendant.

READER, P. J., May 28, 1941.—Upon the trial of the above-entitled case the jury, on January 28, 1941, returned a verdict in favor of plaintiff in the sum of $1,374.50. . . .

We come then to a consideration of plaintiff's motion for a new trial. Plaintiff contends that the damages awarded by the verdict of the jury are inadequate. The real position of plaintiff in this respect seems to be that, as stated in the brief of counsel, the inadequacy was largely the result of the court submitting the case to the jury upon the wrong measure of damages.

At the time of the trial we assumed from an examination of plaintiff's statement that the action was really an action for wrongful death under the Acts of April 15, 1851, P. L. 669, and April 26, 1855, P. L. 309, the action being brought by the administrator of the deceased son in accordance with Pa. R. C. P. 2202, etc. These rules were in effect at the time the action was brought. The first

numbered paragraph of the statement of claim avers that plaintiff, Carl Gray, as administrator is the person entitled to bring the action under the provisions of said rule 2202. Again, in the twelfth paragraph of the statement, it is averred that the deceased, Wayne Gray, left to survive him his parents, Carl Gray and Eula Gray, and that notice was given to Eula Gray as required by rule 2205. It is true that in the closing paragraph of the statement plaintiff claims, as father of the deceased son, for the loss of the earnings and services of the son during his minority, and later so long as the son may have remained in the home of his parents, and also, as administrator, the sum of $1,000 for pain and suffering of the son between the time of the accident on July 5th and his death on July 7th. Claim is also made for medical, hospital, and funeral expenses. We are calling attention to these features of the statement simply as explanatory of the manner in which the case was submitted to the jury.

Treating the action as one for wrongful death under the Acts of 1851 and 1855, we think it was properly submitted to the jury. We are satisfied however that, largely for the reasons hereinbefore stated, we did overlook what was evidently the intention of plaintiff to bring the action in the double capacity. We are satisfied from our further examination of the law that the action could be so brought. An action may be brought by the administrator to recover damages on behalf of the persons designated as entitled thereto by the said Acts of 1851 and 1855. An action may also be brought by the administrator of the deceased to recover in the right of the deceased. This action is made possible by the provisions of the Act of July 2, 1937, P. L. 2755, which amends clause (b) of section 35 of the Fiduciaries Act of June 7, 1917, P. L. 447, 20 PS §772. The situation under the present law as to the bringing of the two actions is discussed in Goodrich-Amram Civil Practice, sec. 2201-38. We are satisfied that the conclusion reached by the authors is correct as stated in the following language:

"By virtue of the Permissive Joinder of Plaintiffs Act, the true cause of action for wrongful death and the cause of action for personal injuries under §35($b$) of the Fiduciaries Act may be enforced in a single action since both causes of action arise out of the same factual background and their determination presents common questions of law or fact. If separate actions are brought, this factor will justify a consolidation or a joint trial of the separate actions."

We have considered the cases cited in this connection, which are as follows: Gannon et al. v. Lawler, 34 D. & C. 571; Findeisen et al. v. Friedman et al., 35 D. & C. 523; Glaesser et al. v. Evans, 36 D. & C. 68; Voelkel et al. v. Bennet, 31 Fed. Supp. 506; Kriesak v. Crowe, 36 Fed. Supp. 127.

The joinder of the two causes of action in one action was authorized by the Act of June 25, 1937, P. L. 2072, 12 PS §159.1. This act was in force at the time the present action was brought. Since February 3, 1941, such joinder of actions is governed by Pa. R. C. P. 2229-2231. We think, therefore, that the action now before us might well have been, and may have been intended to be, such a joinder of the two causes of action. We think the statement might be amended so as to more clearly present this situation.

The chief difficulty found, so far, in such joinder of actions, and in the trial thereof, is one relating to the measure of damages to be applied to each cause of action. It would be very easy for an overlapping of the damages to take place. This question has been discussed in the several cases above cited without a clearly definite rule being established. It is quite possible, as suggested by Goodrich-Amram, that legislative action may be required to adopt an adequate rule. This question, however, we need not discuss at this time. In the present action it may be simplified somewhat by the fact that the persons entitled to recover for wrongful death, under the Acts of April 15, 1851, P. L. 669, and April 26, 1855,

P. L. 309, 12 PS §1601-1602, are the same persons entitled as heirs and next of kin under the Intestate Act of June 7, 1917, P. L. 429, 20 PS §61. It seems to us that when this case is again ready for trial the measure of damages may be satisfactorily worked out at a pretrial conference.

For the reasons hereinbefore stated we are of the opinion that a new trial should be granted in order that the two rights of action may be more clearly asserted in the statement of claim and more adequately presented to the jury.

NOTE.—Case settled and judgment entered on original verdict July 10, 1941.